GRENVILLE D. MONTGOMERY ET AL., TRUSTEES, APPELLANTS,
V. HERMAN G. BOESCHE ET AL., APPELLEES.

FILED FEBRUARY 12, 1926. · No. 23634.

Insane Persons: GUARDIANSHIP: DECREE: CONCLUSIVENESS. In a proceeding to terminate a guardianship, a final decree that a married woman is mentally incompetent to transact business and subjecting her to wardship is not necessarily binding on strangers, who, in accepting from her grantee mortgage security for a loan, were without actual knowledge of her mental status, and relied on a deed from her to mortgagor at a time when an earlier decree in force in the same proceeding at the same term of court contained a finding that she was competent to make deeds, and adjudging the dissolution of the guardianship with her own consent and that of her husband, her attorney, her guardian, and her heirs at law.

APPEAL from the district court for Sarpy county: CHARLES LESLIE, JUDGE. *Reversed, with directions.*

*Crofoot, Fraser, Connolly & Stryker, D. M. Vinsonhaler, E. R. Jackson* and *M. A. Tinley,* for appellants.

*William R. Patrick, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is a suit to foreclose a mortgage on approximately 80 acres of land in Sarpy county. Herman G. Boesche, a defendant, and Gladys J. Boesche, his wife, were mortgagors, the former having claimed title to the land through a deed from Julianne Pope and her husband, Charles A. Pope. The mortgage was executed June 28, 1916, to secure the note of mortgagors for $4,500, payable to W. H. Thomas, mortgagee, July 1, 1921. The latter sold the note and mortgage June 29, 1916, to Grenville D. Montgomery and the Council Bluffs Savings Bank, trustees of the estate of Grenville M. Dodge, deceased. These trustees are the plaintiffs. In addition to Herman G. Boesche and the

Popes, Eli J. LaBorde as guardian of Julianne Pope, his ward, was named in the petition for foreclosure as a defendant. The guardian, on behalf of his ward, filed the only answer in the case.

The substance of the defense is as follows: The ward was and is the owner of the land. When she attempted to deed it to Boesche she was and ever since has been mentally incompetent to transact business. Boesche, assuming to act as her attorney, fraudulently in violation of his trust, by means of false representations and undue influence, induced her to sign, acknowledge and deliver the deed without any consideration, and thus defrauded her. The deed was void and did not divest her of her title or convey the land to Boesche or transfer to him any right to incumber it. The records of the county court disclosed her guardianship and also the overruling of a motion to discharge the guardian. Upon appeal to the district court, however, a decree discharging him was entered June 19, 1916, but at the same term he was reinstated by a final judgment July 27, 1916. The mortgagee and the plaintiffs were chargeable with notice of the continuous pendency of the guardianship proceedings. The notice extended to the entry of the final order. It was before the guardianship proceedings had been finally determined that the fraudulent grantee in the ward's deed pretended to mortgage the land to Thomas. In an independent action the district court for Sarpy county subsequently canceled the deed from the ward to her grantee. The foregoing statements indicate the nature of the answer.

In a reply plaintiffs denied the facts constituting a defense, and pleaded other matter which may be summarized as follows: Plaintiffs and the mortgagee were not parties to the guardianship proceedings, nor did they have knowledge of it or of an independent action to set aside the deed to Boesche. The mortgage was given and assigned to secure an actual loan of $4,500. It was accepted in good faith for full consideration without any actual notice that Julianne Pope was an incompetent person. While executing the deed she was not insane. The mortgagee and

plaintiffs were furnished with an abstract showing title in the mortgagor, but making no reference to the guardianship proceeding. The deed to Boesche was not executed without consideration. The proceeds of the mortgage were realized and retained by Julianne Pope and she used a substantial portion of the loan to Boesche in establishing her husband in business. It would be inequitable to refuse a foreclosure. The foregoing statements are deductions from facts pleaded in the reply to the answer. Upon a trial of the issues the action to foreclose the mortgage was dismissed. Plaintiffs have appealed.

In equity, should the mortgage be foreclosed? On facts about which there is no reasonable ground for controversy, there is no defense to the suit, unless the mortgagee and the purchasers of the mortgage were chargeable with notice of the guardianship proceedings, and unless, in addition, they were bound to anticipate an exercise of the power of the district court, before expiration of the term, to set aside the decree discharging the guardian. They invested their money relying on the deed. They were presented with an abstract showing title in the mortgagor. They acted in good faith. They were not guilty of any fraud. They deceived no one. They were not parties to any suit to redress the wrongs of the ward. They did not know that she was mentally incompetent to make a deed. They did nothing to procure the decree setting aside the guardianship. It is nevertheless urged in behalf of the ward that she was defrauded, that plaintiffs were chargeable with notice of the guardianship proceedings, that they were bound in advance by the final decree reinstating the guardianship, that they were not protected by the intermediate order emancipating the ward, the court having jurisdiction to vacate it for fraud during the term at which it was rendered, and that therefore they were not innocent holders of the mortgage. Assuming, but not deciding, that, as a general principle of law, constructive notice of pending litigation extends to the final judgment without regard to intermediate orders, is the rule applicable to the facts of the present

Montgomery v. Boesche.

case? From the standpoint of the defense, Thomas, the mortgagee, before relying on the deed to Boesche, was required to take notice of the guardianship proceeding in the district court and to examine the record as to the competency of the grantor. What would such a search have disclosed? The record showed that the district court had before it, when rendering the decree terminating the guardianship, the ward, her husband, her attorney, her guardian, and her heirs at law. In addition, it was the duty of the presiding judge to ascertain the facts and protect her rights. Considered an incompetent person, these were the interested representatives who could lawfully speak and act for her. The decree was rendered with the consent of all, and consequently none of them had a right to appeal from it. It contained this finding: Julianne Pope is now fully competent to transact her own business and to execute any deed or deeds she may see fit to make. The guardianship was instantly terminated by the decree. The ward was then free to make a deed at once and promptly exercised her privilege, the decree itself, to that extent, being executed. By its own terms the decree as to the emancipation of the ward went into effect when made. It was the result of the concerted action of the ward and all who could legally act for her as such at the time. The mortgagee and plaintiffs had no part in any deceit or fraud. To them the decree imported finality as a solemn adjudication from which there was no right of appeal by any interested party to the proceeding. To strangers without notice of the facts, the first decree meant justice administered, and not a warning to suspect fraud. Even if the abstract had referred to the guardianship, the record would have shown its dissolution when the rights of the mortgagee and the plaintiffs accrued. The doctrine invoked by the defense, if applied to the present situation, would have required plaintiffs, without reason, to anticipate the setting aside of the first decree for fraud before the end of the term. The rule that notice of a pending action extends to the final judgment, if good law, a point not decided, does not apply to a situation like that

described.   The reasons for the principle invoked by the defense have no application to the facts.·

The controlling ·equities are on the side of plaintiffs. Proceeds of the mortgage to the extent of $2,000 were received and retained by the ward's husband.   The ward by her deed did not destroy her means of livelihood.   She retained at the same time a life estate in several hundred acres of valuable land in Sarpy county; but, if she had made herself a pauper, the ·duty to care for her would have fallen on her husband or her heirs at law—participants in the fraud of which her guardian now complains—fraud in which the innocent holders· of the mortgage had no part or·knowledge.

When the undisputed facts are considered in their proper light, there is no meritorious defense to the foreclosure. The judgment of the district court is therefore reversed and the cause remanded, with directions to the district court to grant the prayer of the petition.

REVERSED.